In re Alan J. **EUBER** and Diane C. Lavoie, Debtors.

Alan J. **EUBER,** and Diane C. Lavoie, Plaintiffs,

v.

David **SHELDRICK,** Defendant.

Bankruptcy Nos. 97–10062 FGC, 97–10193 FGC, 97–10062. Adversary No. 97–1004.

United States Bankruptcy Court, D. Vermont.

March 2, 1998.

B.M. Lewis, Obuchowski Law Office, Bethel, VT, for Plaintiffs.

M.J. Carter, Saxer Anderson Wolinsky & Sunshine, P.C., Burlington, VT, for Defendant.

## MEMORANDUM OF DECISION AVOIDING LIEN ON HOMESTEAD

FRANCIS G. CONRAD, Bankruptcy Judge.

The parties have cross moved[1] for summary judgment[2] on Debtors' Complaint to avoid Creditor's judicial lien on their homestead, under 11 U.S.C. § 522(f). Because the legal result of the factual situation here is controlled by our recent decision *In re Skjetne,* 213 B.R. 274 (Bankr.D.Vt.1997), and the Supreme Court's decision in *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), we deny Creditor's motion and grant summary judgment to Debtors.

### FACTUAL BACKGROUND

Debtors' homestead, on North Orwell Road in Orwell, Vermont, has been in Euber's family for decades. He grew up there, and helped run the family farm as a child. His name first appears on title to the property in 1961, along with other family members. He continued to live there until 1967, when he joined the Army. He was married in 1968, and acquired a home on Church Street in Orwell in 1969, where he continued to live after his divorce in 1989. He acquired sole title to the North Orwell Road property in September 1990, intending to construct a new home there.

At some point, not exactly clear from the parties' factual submissions, Euber and Lavoie entered a relationship, and Lavoie split time between a condominium she owned in

---

1. Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the General Reference to this Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 U.S.C. § 157(b)(2)(A)and (B). This Memorandum of Decision constitutes findings of fact and conclusions of law under Fed.R.Civ.P. 52, as made applicable by Fed.R.Bkrtcy.P. 7052.

2. The standards for summary judgment under Fed.R.Civ.P. 56, as made applicable by Fed. R.Bankr.P. 7056, are well-established and free from controversy. We know them and have applied them, and, in the interest of saving trees, we do not set them out here.

South Burlington and Euber's Church Street property.

In April of 1991, Euber and Lavoie entered into a written contract with Sheldrick, who was to construct a new home for them on the North Orwell Road Property. Lavoie sold her South Burlington condo in May 1991, and moved in with Euber at the Church Street residence in Orwell. In June of 1991, title to the property was transferred from Euber to Euber and Lavoie as joint tenants. Lavoie's financial contributions to the new home, which ultimately totalled $25,500, began before she first acquired record interest in the North Orwell Road property in June of 1991, when she became a joint tenant with Euber.

A contract dispute between Debtors and Creditor erupted in the fall of 1991, and Creditor filed record notice of a mechanic's lien, which he failed to perfect. Euber sold his Church Street property in December 1992, and he and Lavoie moved into the North Orwell Road property. Thereafter, Creditor obtained a December 1993 attachment of the property that was properly perfected by the October 1996 filing of a Certificate of Final Judgment in his successful suit against Debtors.

Effective January 1, 1997, the Vermont homestead exemption was increased from $30,000 to $75,000.00. 27 V.S.A. 101 (Jan. 1, 1997). Euber and Lavoie filed their petitions for relief under Chapter 7, on January 13, 1997 and February 10, 1997, respectively, after the increase went into effect.

## DISCUSSION

The parties expend considerable energy arguing the intricacies of Vermont statutory law governing homesteads. Creditor argues that, under Vermont law, Debtors are not entitled to claim the homestead exemption because his cause of action arose in April 1991, when the construction contract was signed. Thus, his claim arose before Lavoie acquired any record interest in the North Orwell Road property, and before Debtors established their homestead when they moved into the property in December 1992. Debtors respond with Vermont law arguments about intent and equitable interests to

establish that they are indeed entitled to claim the exemption under state law.

■ Thankfully, we may avoid these intricacies of state law because they are irrelevant under *Skjetne*, which addressed "the difficult question [of] whether § 522(b)(2)(A) requires [that] the particular debtor actually be entitled to the exemption" under state law. *Skjetne, supra,* 213 B.R. at 278. We held there that

§ 522(b)(2)(A) does not require that a debtor actually be entitled to a particular exemption. Rather, the section merely defines what types of property can be exempted from property of the estate. The effect of exempting property from the bankruptcy estate is defined by 11 U.S.C. § 522(c), which provides that "property exempted under this section is not liable during or after the case for *any* debt of the debtor that arose ... before the commencement of the case...." (Emphasis added.)

*Id.*

We assume for purposes of ruling on the parties' cross motions that, under Vermont law, Debtors' homestead would not be exempt from Creditor's claim under the state law remedies available to him. We hold, nonetheless, that Debtors are entitled to judgment as a matter of law because bankruptcy immunizes their homestead from Creditor's claims which arose before their homestead was established. Our rationale, as expressed in *Skjetne,* is as follows:

When Debtors filed, a bankruptcy estate was created that consisted of "all legal or equitable interests" they held in any property at the time of filing. 11 U.S.C. § 541. Their homestead was a part of their bankruptcy estate. "Notwithstanding section 541," Debtors may exempt certain property from the estate. 11 U.S.C. § 522(b). Vermont Debtors are permitted to exempt from property of the estate "any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition...." 11 U.S.C. § 522(b)(2)(A).

*Id.,* 213 B.R. at 277–78. Here, as in *Skjetne,* on the date Debtors filed, Vermont law pro-

vided a $75,000 homestead exemption. Section § 522(b)(2)(A) entitles them to exempt that amount from "property of the estate." This section, by its literal terms, says nothing about whether the amount exempted from property of the estate is or is not immune from the claims of Debtors' creditors. "The effect of exempting property from the bankruptcy estate is defined by 11 U.S.C. § 522(c), which provides that 'property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case....'" *Id.*, 213 B.R. at 278. Thus, in bankruptcy, it matters not one whit whether Creditor's claim arose before Debtors' homestead was established. All that matters is that Vermont law provided for a homestead exemption at the time Debtors filed.

■ Creditor argues in the alternative that if Debtors are entitled to a homestead exemption, the maximum amount of that exemption, at least as to his claim, is $30,000, because his judicial lien predates the change in Vermont law increasing the exemption to $75,000.

*Skjetne* is distinguishable from the present case. The creditors in *Skjetne* were all unsecured, whereas here Creditor properly perfected his attachment of December, 1993 by obtaining a final judgment and recording the same as provided under 12 V.S.A. § 2902. Pursuant to Vermont law, when a final judgment is recorded within sixty ... days of its issuance, as was done here, its effective date relates back to the date of the attachment. The effective date of perfecting the Creditor's security interest in the North Orwell Road Property, therefore, is December, 1993. Should the Court deem the Debtors entitled to a homestead exemption, because the Creditor perfected his secured lien before the effective date of the increase of the homestead exemption on January 1, 1997, the maximum exemption amount to which Debtors would be entitled is the exemption amount effective as of that date, which was $30,000. 27 V.S.A. § 101.

Creditor's Opposition to Debtors, Motion for Summary Judgment, 6–7. We agree that

Creditor's lien raises issues not addressed in *Skjetne*. The Supreme Court's decision in *Owen*, however, is directly on point.

In *Owen*, the debtor's former wife obtained a $160,000 judgment against him, and, in 1976, recorded it in a county where he owned no property. The debtor bought a condominium in the county in 1984 to which his ex-wife's lien then attached. At the time of his purchase, the debtor's condominium did not qualify for Florida's homestead exemption. A year later, Florida amended its homestead law so that debtor's condominium qualified. Under Florida law, the homestead exemption did not apply to liens that attached before the property acquired its homestead status. *Owen, supra*, 500 U.S. at 306–07, 111 S.Ct. at 1834–35. We held in *Skjetne, supra*, 213 B.R. at 277, that, under Vermont law, the increase in the exemption amount to $75,000 did not apply to preexisting debt. Thus, in both cases, pre-existing liens were exceptions to the application of the homestead exemption under state law.

Section 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor *would have been entitled* under subsection (b) of this section, if such lien is ... a judicial lien...." (Emphasis added.) The first part of this Memorandum of Decision establishes that Debtor is entitled to exempt the $75,000 Vermont homestead exemption from property of the estate under § 522(b). Justice Scalia's opinion for the Court in *Owen* held that the phrase we italicized

> establishes as the baseline, against which impairment is to be measured, not an exemption to which the debtor "is entitled," but one to which he "would have been entitled." The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. "Would have been" but for what?

*Owen, supra*, 500 U.S. at 311, 111 S.Ct. at 1837. The answer, Scalia said, is "but for the lien at issue." *Id.* Our marching orders from the Supreme Court, then, are, "ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then

avoid ... the lien." *Id.*, 500 U.S. at 312–13, 111 S.Ct. at 1837.

So, we ask, would avoiding Creditor's lien entitle Debtors to a homestead exemption? The answer is yes. Accordingly, we will avoid the lien.

## CONCLUSION

No material facts are in issue. Debtors were entitled, on the dates that they filed their petitions for relief, to exempt from property of the estate their aliquot shares of the $75,000 Vermont homestead exemption. § 522(b)(2)(A). Property exempted from the estate is not liable for any indebtedness that arose prior to filing. § 522(c). Debtors' homestead exemption is impaired by Creditor's judicial lien. Accordingly, Debtors are entitled to judgment as a matter of law, and we will grant summary judgment to Debtors avoiding the lien. Creditor's cross motion is denied.

Debtors are to submit an order consistent with the factual findings and legal conclusions herein within 10 days of the date this Memorandum of Decision is issued. Creditor shall have five days to object to the form of the order.